IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOLLY WALKER, individually, and on )
behalf of all others similarly situated, and on )
behalf of the General Public, )
)
Plaintiff, )
) Civil Action No.: 06 C 6906
v. )
) Suzanne B. Conlon, Judge
BANKERS LIFE AND CASUALTY )
COMPANY, an insurance company domiciled )
in the State of Illinois, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Holly Walker, an insurance agent, sues her former employer, Bankers Life and Casualty Company, in a putative class action. Walker alleges Bankers Life intentionally misclassified its insurance agents as independent contractors rather than employees and failed to pay employee benefits in violation of California law. Bankers Life moves to dismiss or to strike the California law claims, arguing that choice of law rules require the application of Illinois law. For the reasons set forth below, the motion is granted in part.

## BACKGROUND

The following facts are derived from the complaint. Walker, a California resident, was employed as an insurance agent from 1998 to 2006 by Bankers Life, an Illinois insurance company. Compl. at ¶¶ 1-2. The relationship between Walker and Bankers Life was governed by a form contract, which new agents are required to sign when they begin employment. *Id.* at ¶ 9. The contract classifies insurance agents as independent contractors, and expressly disclaims an employer-

employee relationship. *Id.*, Ex. A at ¶ 4. The contract sets forth agents' authority and the limits on their authority. *Id.* at ¶ 9. It includes a choice of law clause, providing that "[t]his Contract shall be construed in accordance with the laws of the State of Illinois exclusive of choice of laws provisions." *Id.*, Ex. A at ¶ 25. The contract also includes a clause that provides "[v]enue for any action between the parties arising under this Contract shall be in a court located in Chicago, Cook County, Illinois." *Id.*

During Walker's entire employment, Bankers Life classified her as an independent contractor. Compl. at ¶ 1. Bankers Life did not provide benefits to its independent contractors, such as unemployment and disability insurance, social security, medical insurance, and 401(k) contributions. *Id.* at ¶ 11. These benefits were provided to Bankers Life employees. *Id.*

Walker filed a class action complaint in California Superior Court on September 18, 2006. Walker alleges that even though she and other insurance agents were classified as independent contractors, they should have been classified as employees because Bankers Life retained and exercised a high degree of control over their work. Compl. at ¶ 10. She alleges Bankers Life intentionally misclassified insurance agents as independent contractors to avoid paying benefits provided to employees. *Id.* at ¶ 11. The complaint sets forth five purported claims: (1) preliminary and permanent injunction pursuant to § 3422 of the California Civil Code and § 526 of the California Code of Civil Procedure; (2) misclassification of independent contractors; (3) failure to indemnify agents for their expenses under § 2802 of the California Labor Code; (4) conversion of agents' employee benefits in violation of §§ 3336 and 3294 of the California Civil Code; and (5) unfair business practices in violation of the California Business and Professions Code, §§ 17200 *et seq.*

*Id.* at ¶¶ 22-49. Walker seeks injunctive relief, payment of benefits, reimbursement of expenditures, compensatory and punitive damages for conversion, and restitution. *Id.* at 19.

Bankers Life removed the action to the United States District Court for the Central District of California on October 18, 2006. Bankers Life then moved to dismiss for improper venue or, in the alternative, to transfer venue. On November 20, 2006, the case was transferred to this court based on the contract's venue selection clause.

This court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over class actions if the matter in controversy exceeds $5,000,000 and any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Walker alleges the class includes at least 500 agents with individual damages of less than $75,000.00. Compl. at ¶¶ 14, 19(a). Aggregating individual claims, the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Walker alleges she is a resident of California, and Bankers Life is domiciled in Illinois. Compl. at ¶¶ 1-2. These allegations are defective because citizenship may differ from residence. *Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003). However, the error does not require dismissal. *Id.* Bankers Life concedes it is an Illinois corporation, and Walker is a citizen of California. *See* Notice of Removal at ¶¶ 9, 11-12 (Dkt. No. 23-1 (Dec. 14, 2006)); 28 U.S.C. § 1332(c)(1).

## DISCUSSION

### I. Legal Standards

Bankers Life moves to dismiss the complaint because the contract's choice of law clause requires that the complaint be plead under Illinois law, not California law. Alternatively, Bankers

3

Life moves to strike the complaint because the choice of law clause renders the California claims immaterial and impertinent under Illinois law.

### A. Motion to Dismiss

A motion to dismiss challenges the sufficiency of the complaint. Dismissal is warranted only if no relief could be granted under any set of facts that could be proved consistent with Walker's allegations. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). All well-pleaded allegations are accepted as true and all reasonable inferences are drawn in her favor. *Cler*, 423 F.3d at 729.

Any written instrument attached to a complaint is considered a part of the complaint. Fed. R. Civ. P. 10(c). Walker's contract is attached to the complaint. *See* Compl., Ex. A. The contract may be considered on a motion to dismiss. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).

Walker requests that the court consider additional facts in deciding the motion. She alleges she performed work for Bankers Life only in California, and never traveled to Illinois; she did not deal with Bankers Life employees in Illinois. *See* Pl. Resp. at 3 and Ex. A. She alleges Bankers Life did not give her the opportunity to reject or negotiate any part of her contract. *Id.* These additional facts were included in Walker's declaration filed with her response to Bankers Life's motion to transfer venue. The additional facts are consistent with the allegations in her complaint. *Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001) (plaintiff may add facts by affidavit or brief to defeat a motion to dismiss if the facts are consistent with the allegations in the complaint). Therefore, Walker's declaration may be considered in deciding the motion to dismiss.

### B. Motion to Strike

Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Bankers Life must show that Walker's allegations are so unrelated to her claims that they are "void of merit and unworthy of any consideration," and unduly prejudicial. *Cumis Ins. Soc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). A motion to strike is generally disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## II. Choice of Law

A federal court resolving a diversity claim must apply state law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The state law to be applied is that of the forum state on resolving conflicts of law. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). When a case is transferred, the court generally is obligated to apply the law of the transferor forum. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). However, in an action improperly filed in the transferor court, the transferee court should apply its own state's choice of law rules rather than the transferor state's. *Koutsoubos v. Casanave*, 816 F Supp. 472, 475 (N.D. Ill. 1993). Illinois choice of law rules control whether Illinois or California law applies to Walker's claims because venue was improper in the United States District Court for the Central District of California.

A contract's choice of law clause is applied to disputes that arise from a valid contract. *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996). However, choice of law clauses do not govern tort claims unless it is clear this was the parties' intent. *Kuehn v. Childrens Hosp.*, 119 F.3d 1296, 1302 (7th Cir. 1997). A two part analysis applies to determine the breadth of the contractual choice of law clause. *Birnberg v. Milk St. Residential Assocs. Ltd. P'ship*, Nos. 02 C

0978 and 02 C 3436, 2003 WL 151929, at *13 (N.D. Ill. Jan. 21, 2003) (Manning, J.) (citing *Medline Indus. Inc. v. Maersk Med. Ltd.*, 230 F. Supp. 2d 857, 862-63 (N.D. Ill. 2002)). First, the language of the clause is examined to determine whether the parties intended it to govern all claims between them. *Medline*, 230 F. Supp. 2d at 863. Second, the court determines whether plaintiff's claims are dependent on the contract, and therefore subject to the choice of law clause. *Id.*

If the contract's choice of law clause does not govern Walker's tort claims, Illinois' "most significant relationship test" applies to determine the appropriate law. *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503-04 (7th Cir. 1998). Under this test, the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and the parties. *Id.* at 504.

### A. Choice of Law Clause

The language of the contract's choice of law clause does not indicate the parties intended it to govern all claims between them. The clause provides that "[t]his contract shall be construed in accordance with the laws of the state of Illinois exclusive of choice of laws provisions." Compl., Ex. A at ¶ 25. The clause does not mention claims or disputes. Its language contrasts with more broadly stated provisions that apply to all claims "arising out of" the contract. *See, e.g., Omron Healthcare, Inc. v. Maclaren Exp. Ltd*, 28 F.3d 600, 603 (7th Cir. 1994) ("arising out of" language in forum selection clause applied to all disputes depending on construction of the contract).

The choice of venue clause, which immediately follows the choice of law clause, contains broader language: "[v]enue for *any action between the parties arising under this contract* shall be in a court located in Chicago, Cook County, Illinois." Compl., Ex. A at ¶ 25 (emphasis added). The contract's indemnification clause uses even broader language, providing that the insurance agent shall indemnify Bankers Life for any claims or losses "in connection therewith, arising out of or

resulting from" default or negligent performance of the agents's contractual obligations. *Id.*, Ex. A at ¶ 26. The narrower language of the choice of law clause does not reflect a clear intent that all claims, including tort claims, be governed by Illinois law. *Medline*, 230 F. Supp. 2d at 863.

## B. Walker's Claims

### 1. Preliminary and Permanent Injunction

In Count I, Walker seeks a preliminary and permanent injunction to prevent Bankers Life from misclassifying insurance agents as independent contractors. Count I is not supported by a substantive underlying claim. Injunction is an equitable remedy, not a separate cause of action. *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (Cal. Ct. App. 1942). At a hearing on the motion to dismiss, Walker's counsel agreed that the injunctive relief claim was not an independent claim, but rather a remedy for other claims. *See* Transcript of March 14, 2007 hearing at 4:1-4. Dkt. No. 62-2 (March 16, 2007). The claim for injunctive relief (Count I) is dismissed without prejudice.

### 2. Misclassification

Count II is styled as a claim for misclassification. Walker alleges Bankers Life intentionally misclassified its insurance agents as independent contractors to avoid paying employee benefits. Compl. at ¶ 28. Walker fails to supply persuasive authority supporting her position that misclassification is an independent cause of action under California law. Misclassification is a factual allegation typically underlying a claim arising from a statutory or regulatory violation. *See Sav-On Drug Stores, Inc. v. Sup. Ct.*, 34 Cal. 4th 319, 324 (Cal. 2004) (underlying each cause of action for violation of California labor and unfair competition statutes were factual allegations that defendant misclassified employees as exempt from overtime laws). Walker's separate claim for misclassification (Count II) is dismissed without prejudice.

### 3. Statutory Violations and Conversion

In Counts III, IV and V, Walker alleges violations of § 2802 of the California Labor Code and § 17200 of the California Business and Professions Code, and liability for damages, interest and penalties under § 3336 (conversion) and § 3294 (exemplary damages) of the California Civil Code. Counts III, IV and V are tort claims. *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (Cal. 1988) (violation of a legal duty imposed by statute is a tort); *Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003) (setting forth elements for the tort of conversion).

Bankers Life does not dispute that Counts III, IV and V are tort claims, but argues they arise from the contract and thus are subject to the contract's choice of law clause. Bankers Life interprets Walker's claims as breach of contract claims. *See* Transcript of March 14, 2007 hearing at 9:14-25 ("we have briefed the issue as if misclassification [and indemnification, conversion, and unfair business practices] is a breach of contract; in other words, the claim is: You breached the contract because you didn't treat me like an independent contractor, as the contract says that you should"). Dkt. No. 62-2 (March 16, 2007). Bankers Life mischaracterizes Walker's claims; she does not allege breach of contract claims.

Bankers Life contends even if Walker's tort claims do not arise from the contract, they are dependent on the contract and therefore governed by the choice of law clause. Bankers Life argues Walker's claims are based on construction of the contract because the alleged misclassification is on the face of the contract and arises from the parties' understanding of their relationship at the time they entered into the contract. A tort claim is dependent on the contract if the claim (1) alleges a wrong based on interpretation and construction of the contract; (2) is closely related to the parties'

contractual relationship; and (3) could not exist without the contractual agreement. *Birnberg*, 2003 WL 151929, at *14 (internal quotations and citations omitted).

Walker's claims are not dependent on the contract. She does not allege a wrong based on interpretation or construction of the contract. She alleges she was an employee, not an independent contractor. Under Illinois and California law, the determination of whether a worker is an employee or an independent contractor is based on a multi-factor examination of the employment relationship. *Borello & Sons, Inc. v. Dept. of Indus. Relations*, 48 Cal. 3d 341, 350-51 (Cal. 1989); *Mazzei v. Rock N Around Trucking, Inc.*, 246 F.3d 956, 963 (7th Cir. 2001). Contractual language is not determinative, nor is it listed as a factor. *Borello*, 48 Cal. 3d at 351; *Mazzei*, 246 F.3d at 965. Walker's claims are not related to the parties' contractual relationship, but rather involve the parties actual relationship. Her claims could exist without the contract. In the absence of the contract, Walker could allege that Bankers Life misclassified her as an independent contractor to avoid payment of benefits and expenses. The contract's choice of law clause does not govern her tort claims.

To determine the applicable law, the court must apply a most significant relationship test. *Fredrick*, 144 F.3d at 503-04. A court determines whether Illinois has the more significant relationship by examining (1) the place of injury; (2) the place where the conduct causing the injury occurred; (3) the domicile of the parties; and (4) the place where the relationship of the parties is centered. *Id.* at 504. The court also considers the interests and public policies of potentially concerned states. *Id.* The injury occurred in California, where putative class members were allegedly denied benefits. Therefore, California law applies unless Illinois has a more significant relationship with the occurrence and the parties. *Id.* The conduct allegedly causing the injury

occurred in California. The relationship between the parties is centered in California; Walker alleges she had no contact with Bankers Life employees in Illinois. Pl. Resp. at 3 and Ex. A. California has a public policy interest in the case because a putative class of 500 insurance agents allegedly were injured there. Compl. at ¶ 14. Illinois does not have a more significant relationship to the claims. Therefore, California law applies to Counts III, IV and V.

## CONCLUSION

Counts I and II of the complaint are dismissed without prejudice. Diversity jurisdiction remains over the remaining counts because dismissal of Counts I and II does not affect the amount in controversy.

ENTER:

March 28, 2007

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge